The judgment appealed from is accordingly affirmed.

---

(50 South. 619.)

No. 17,448.

SEMPLE et al. v. FRISCO LAND CO., Limited, et al.

(Nov. 2, 1909.)

1. APPEAL AND ERROR (§ 361*)—APPOINTMENT OF RECEIVER—APPEAL — AFFIDAVIT — CONSTRUCTION OF STATUTE.

Act No. 159, p. 314, of 1898, § 4, providing that any person, who by affidavit appears to be interested, upon giving bond, may appeal on the face of the record from an order appointing or refusing to appoint a receiver of a corporation, under the act, does not apply to the parties to a suit for the appointment of a receiver; and, where the appeal is by one of them, no affidavit is necessary.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 361.*]

2. CORPORATIONS (§ 553*)—RECEIVER.

Where heirs by compromise agreed to divide the successions of their parents among them according to a settlement to be worked out through a corporation to be organized, the settlement to be determined by a specified person, and the heirs to abide by his decision, if errors in the settlement proposed by him are so gross and palpable as to amount to fraud, the proper remedy would be the judicial adjustment of the accounts, and not the appointment of a receiver for the corporation.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 553.*]

3. CORPORATIONS (§ 310*) — OFFICERS — RESIDENCE.

The law does not require the president of a private corporation to reside in the parish of its domicile, nor does it forbid him from administering its affairs through agents or clerks.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 310.*]

4. CORPORATIONS (§ 553*)—APPOINTMENT OF RECEIVER—FAILURE TO KEEP MINUTES.

The failure of a secretary of a corporation to properly keep the minutes, while it might be ground for not re-electing him, would not be ground for appointing a receiver, especially in the absence of any suggestion of loss having resulted therefrom.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 553.*]

5. CORPORATIONS (§ 553*)—APPOINTMENT OF RECEIVER — GROUNDS — IRREGULARITIES OF SECRETARY.

The president and secretary, both directors of a corporation, favored a sale of timber on the corporation's land, and the third director opposed it. At the meeting at which the matter was considered, only the secretary and the third director were present, and one of them voted for and the other against the sale. The deed of sale, already signed by the president, was at the time in the secretary's hands, as well as a letter from the president favoring the sale, and the secretary, thinking that the approval of the president was equivalent to a vote at the meeting, issued a certificate that the resolution authorizing the sale had been adopted, and consummated the sale. Subsequently the sale was ratified by formal resolution. *Held*, that the secretary's act was an irregularity, which

did not amount to a maladministration, justifying the appointment of a receiver.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 553.*]

Appeal from Ninth Judicial District Court, Parish of East Carroll; Francis Xavier Ransdell, Judge.

Action by Mrs. Eugenia Semple and others against the Frisco Land Company, Limited, and others. From a judgment appointing a receiver for defendant corporation, it appeals. Judgment set aside, and suit dismissed.

Looney & Scheen and Davis & Browne, for appellant. Snyder & Gilfoil, for appellees.

### On Motion to Dismiss.

PROVOSTY, J. The defendant corporation has appealed from an order appointing a receiver to take charge of its affairs. Plaintiffs have moved to dismiss the appeal, on the ground that the application for the appeal was not accompanied by the affidavit required by section 4 of Act No. 159, p. 314, of 1898. This court has decided that, where the appeal is by one of the parties to the suit, the said affidavit is not necessary. Davies v. Monroe Waterworks Co., 107 La. 145, 31 South. 694. The motion to dismiss is therefore overruled.

### On the Merits.

As a convenient mode of settling the successions of their father and mother, the plaintiffs, Mrs. Semple, Mrs. Bradley, and Miss Witkouski, and their brothers, L. L., Adolph, and Fred. Witkouski, agreed, by way of compromise, as follows: That certain real estate held by some of them, and certain other real estate which others of them had held in the past and had sold, should be considered as not having belonged to them, but to their father and mother, and to have been inherited by them in equal shares; that the property still being held should be transferred to the defendant corporation by quitclaim deed at the price of $10 per acre, to be paid for with the stock of said corporation; that the parties should have a settlement, in which the amounts received by some of them from sales of property and collection of rents should be accounted for; that the stock of the corporation should be delivered to the parties in the proportion in which they appeared by said settlement to be entitled to it, and should in the meantime remain in the hands of Clifton F. Davis as trustee; and—

"that, in the settlement of the matters stated in this contract, all differences arising among said parties over the accounts rendered by any of them shall be left for determination and adjustment to Clifton F. Davis, and each of the said parties hereto agrees and binds himself to abide by his decision on the matters referred to him."

To provide against the contingency of the agreement falling through or being set aside, the clause was added that the admissions contained in it were made simply and exclusively by way of compromise, and not otherwise.

The corporation had in reality been organized in prevision of said compromise, for the purpose of carrying it out. Its organizers were Clifton F. Davis (the same just mentioned) and P. N. and E. W. Browne. One of the clauses of the agreement provides that the corporation is to be reorganized, and that the property transferred to it is to be sold as opportunity may offer.

The petition of the plaintiffs recites the foregoing, and then proceeds to allege that Clifton F. Davis "attempted to make up the amounts of the various heirs and to effect a settlement between them, and has attempted to show the amount of stock each heir is entitled to in said corporation, but that there are palpable and gross errors in said showing;" that Clifton F. Davis claims to be president, and Adolph Witkouski secretary and treasurer, of said corporation, though never

elected by the shareholders, or, if ever rightfully occupying said offices, although their terms of office have long expired; that the said Davis has removed permanently from the parish of the domicile of said corporation, and neglects its affairs, and permits its funds to be wasted, misused, and misapplied, thereby putting the interest of the petitioners in imminent danger; that he has left the entire control and management of the affairs of said corporation to Adolph Witkouski, and that the latter is grossly mismanaging same, and committing acts ultra vires, and wasting and misapplying the property or funds of said corporation, thereby jeopardizing the rights of petitioners; that, instead of paying the debts with the money on hand, he extends them at high rates of interest, and allows the taxes due on the property of the corporation to become delinquent, and the property to be advertised for sale, thereby entailing penalties of 2 per cent. per month interest on the taxes and costs of advertising; that he is selling the lands and timber of said corporation to irresponsible persons, and allowing them to cut and remove the timber before paying the purchase price, the timber constituting in many cases the principal value of the lands; that he has without authority made concessions to vendees and lessees of the corporation in consideration of cash payments to him of smaller amounts than stipulated in the acts of sale and lease; that he is using the funds of the corporation for his private benefit; that he refuses to allow the petitioners to examine the books of the corporation.

In the brief, though not in the petition, the plaintiffs complain that there has been no reorganization of the corporation.

The petition further alleges that from a date long prior to said compromise Fred. Witkouski, one of the heirs and signers of the compromise, has been insane and wholly incapable of entering into a binding contract, and that a petition has been filed by Clifton F. Davis for his interdiction; that, owing to the said incapacity of said Fred. Witkouski, "it is now impossible through corporate action to call or hold any election or to conduct the affairs of said corporation through the means provided by its charter."

The sole prayer of the petition is for the appointment of a receiver to the corporation.

This insanity of Fred. Witkouski, if it was known to plaintiffs and their brothers when the compromise was entered into, might be a good ground for setting aside the compromise and all proceedings had in pursuance thereof; but this could be done only at the suit of the insane person or of his legal representative. It certainly cannot be done at the suit of plaintiffs. And, besides, they are not asking for it, but are suing in affirmance both of the compromise and of the legal existence of the corporation.

The allegation that the plaintiffs have been denied access to the books is not supported by the evidence. Nor is the allegation that the corporation has not been reorganized. The two Brownes retired, and were succeeded by Adolph Witkouski and by one of the plaintiffs, Mrs. Bradley.

Clifton F. Davis was the charter president of the corporation. He has continued in office simply from the fact that until the heirs had effected the settlement provided for by the compromise their stock could not be delivered to them, and that until the stock was delivered there could not be another election of officers. And the same thing may be said of Adolph Witkouski's continuing in office. As to his accession to office, it was by the same token by which Mrs. Bradley became one of the directors. It was in pursuance of the compromise and by the consent of parties. He stepped into the shoes of E. W. Browne, as Mrs. Bradley did into those of P. N. Browne.

We are not called upon in this suit to ap-

portion the stock of the corporation among the heirs, or, in other words, to make the settlement which the compromise provided was to be made between them. The plaintiffs agreed to leave the matter to Davis, and to abide by his decision. If the alleged errors in the settlement proposed by Davis are so gross and palpable as to amount to fraud, the proper relief to be sought by plaintiffs is the judicial adjustment of the accounts, and not the appointment of a receiver.

The removal of the president of the corporation from the parish of the domicile of the corporation is an immaterial circumstance. No law requires the president of a private corporation to reside in the parish of its domicile, or forbids him to administer through agents, clerks, etc.

The allegations of maladministration are very vague. Looking to the brief to ascertain what are the particular acts complained of, we find that they are the following:

It is said that the minutes have not been properly kept. This might be good ground for not re-electing the secretary, but not for appointing a receiver, especially in the absence of any suggestion of loss having resulted therefrom.

It is said that Adolph Witkouski, secretary and treasurer, made a sale of timber for the sum of $500 without authority. The facts in that regard are that Adolph Witkouski, the secretary and treasurer, and Clifton F. Davis, the president, or in other words, two of the three directors, favored a sale of the timber, while Mrs. Bradley, the third director, was opposed to it, and that at the meeting at which the matter was considered only Adolph Witkouski and Mrs. Bradley were present, and that the one voted for and the other against the sale; that the deed of sale, already signed by Davis, was at the time in the hands of the secretary, as well as a letter from him favoring the sale. The secretary considered that this approval on the part of Davis was equivalent to a vote at the meeting; and accordingly he issued a certificate to the effect that the resolution authorizing the sale had been adopted, and consummated the sale. Subsequently the sale was ratified by formal resolution. Unquestionably the secretary should have known better than to suppose that the approval of an absent director could count for a vote at a meeting; but the episode is of little, if any, significance in connection with the present application for a receiver.

The expert of plaintiffs, Mr. Byerly, went over the books of the corporation, and found them correct, with one exception, which has been explained.

The few irregularities, which, for the purpose of showing the jeopardy of their interests, the plaintiffs seek to magnify into highly reprehensible conduct on the part of Adolph Witkouski, or even into nefarious transactions, are very far from showing that the affairs of the corporation are not being well and safely administered. The record shows the contrary.

The judgment appealed from is set aside, the injunction herein issued is dissolved, and the suit of plaintiffs is dismissed, at their costs.